## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HARLAN J. BERK, *et al.* ) | |
| ) | Case No. 16-cv-261 |
| Plaintiff, ) | |
| ) | Judge Robert M. Dow, Jr. |
| v. ) | |
| ) | |
| ANITA M. ALVAREZ, in her individual capacity, ) | |
| KIMBERLY M. FOXX, in her official capacity as ) | |
| States Attorney of Cook County, and ) | |
| COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Harlan J. Berk and Harlan J. Berk Ltd. bring this suit against Defendants Anita M. Alvarez, Kimberly M. Foxx, and Cook County, alleging that the Clerk of the Circuit Court of Cook County has failed to transmit to the County over $400 million in court fees. Before the Court is Defendants' motion to dismiss [10] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion to dismiss [10] is granted for lack of standing. The Court will issue a final judgment and close the case.

**I.  Background**

Plaintiffs Harlan J. Berk and Harlan J. Berk Ltd., purportedly acting individually and as Cook County taxpayers on behalf of all Cook County taxpayers, assert claims for injunctive and monetary relief for Defendants' alleged "denial of due process to the taxpayers of Cook County, Illinois, as beneficial owners of public money," in violation of 42 U.S.C. § 1983. [1, at ¶ 1.] According to Plaintiffs, from 2001 through 2014, more than $400 million in Cook County public funds has gone missing. [*Id.* at ¶ 2.]

Plaintiffs seek injunctive relief against Defendant Foxx in her official capacity[1] and against Defendant Cook County, requesting that the Court "enjoin[ ] Cook County to conduct legally complaint audits of the annual reports of the Clerk of the Circuit Court" and "enjoin[ ] the State's Attorney's office to take appropriate action to recoup money that has been misapplied and to prevent the Clerk's office from further misapplication of court funds." [*Id.* at ¶¶ 59, 61.] Plaintiff also seeks an award of damages against Defendant Alvarez in her individual capacity and against Defendant Cook County.

The complaint also describes Plaintiffs' attempts to bring similar claims in state court, although the details of these suits are not clear. Plaintiffs assert that in January 2014, "an application was presented to the Illinois Supreme Court for permission to file a complaint for writ of *mandamus* seeking, among other things, to compel Cook County to conduct audits as required by Illinois law and account for court receipts."[2] [*Id.* at ¶ 6.] The Illinois Supreme Court denied the application. [*Id.* at ¶ 45.] Plaintiffs subsequently brought suit in the Circuit Court of Cook County seeking, among other things, issuance of a writ of *mandamus* to compel Cook County to provide audited financial statements.[3] [*Id.*] Additionally, Plaintiffs assert that they filed a third lawsuit in the Circuit Court of Cook County "concerning the misapplication of court funds by the Clerk."[4] [*Id.* at ¶ 47.] The Circuit Court dismissed the complaint with prejudice, holding that Plaintiffs lacked standing to challenge the method in which the Clerk of the Circuit Court of Cook County holds and remits court fees. The Illinois Appellate Court affirmed, and the Illinois Supreme Court denied Plaintiffs' petition for leave to appeal. [*Id.* at ¶¶ 47, 56; see

---

[1] Kimberly M. Foxx replaced Anita Alvarez as Cook County State's Attorney as of December 1, 2016. Thus, the Court automatically substitutes Defendant Foxx for Defendant Alvarez in Plaintiff's official capacity claims. Fed. R. Civ. P. 25(d).
[2] *Schacht, et al., v. Preckwinkle, et al.,* Case No. 117158.
[3] *Schacht, et al. v. Preckwinkle, et al.,* Case No. 14 CH 13754.
[4] *Schacht, et al., v. Brown, et al.*, Case No. 1-13-3035.

also *Schacht v. Brown*, 36 N.E.3d 285, 287 (Ill. App. Ct. 2015), appeal denied, 48 N.E.3d 677 (Ill. 2016).]

On March 25, 2016, Defendants filed a motion to dismiss [10] this federal lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. Legal Standard

A Rule 12(b)(1) motion seeks dismissal of an action for lack of subject matter jurisdiction. The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). The Court may take judicial notice of matters in public record, including court documents, in deciding a motion to dismiss without converting it to a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). If the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action as to all defendants. See Rule 12(h)(3); *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989) (a district court has the authority to sua sponte review its subject matter jurisdiction).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements

of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

**III. Analysis**

Defendants moves to dismiss on multiple grounds. Defendants argue that (1) Plaintiffs lack standing to bring this lawsuit; (2) Plaintiffs fail to state a due process claim; (3) Plaintiffs' claim for damages against Defendant Alvarez in her individual capacity fails because they have not alleged the personal involvement of Defendant Alvarez; and (4) Defendant Foxx is absolutely immune from the claim for damages based on the decision not to pursue civil or criminal claims that Plaintiffs may want her to bring.[5] The Court must first address Defendants' jurisdictional challenge. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998) (holding that it was improper for courts to skip over jurisdictional issues in order to reach the merits); *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013) ("The district court's failure to address jurisdiction before addressing the merits constituted error.").

As the Supreme Court and Seventh Circuit have emphasized, the requirement that a plaintiff have suffered an "injury in fact," defined as "an invasion of a legally protected interest which is * * * concrete and particularized," is an "irreducible constitutional minimum of standing." *Rifkin v. Bear Stearns & Co.*, 248 F.3d 628, 632 (7th Cir. 2001) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Article III standing requires (1) an injury-in-

---

[5] Plaintiffs fail to respond to any of Defendants' arguments.

fact, "a concrete and particularized injury that is either actual or imminent"; (2) that the injury is "fairly traceable to the action of the defendant"; and (3) "that it is likely that a favorable decision will redress that injury. *Massachusetts v. EPA*, 549 U.S. 497, 517 (2007).

Here, Plaintiffs do not allege any injury in fact sufficient to satisfy the requirements of Article III standing. Plaintiffs allege that the Clerk of the Circuit Court of Cook County failed to transmit to the County over $400 million in court fees, but they do not argue that Plaintiffs themselves have suffered a concrete injury. Plaintiffs assert that "Plaintiff Harlan J. Berk is an Illinois citizen and a Cook County, Illinois taxpayer. Plaintiff Harlan J. Berk, Ltd., is an Illinois corporation doing business and paying taxes in Cook County, Illinois." [1, at ¶ 14.] Plaintiffs further contend that "Plaintiffs, as taxpayers, have suffered a loss of their property," [1, at ¶ 41], and that "as representatives of Cook County taxpayers, [Plaintiffs] have rights in need of this Court's protection" [1, at ¶ 60]. However, it is "axiomatic that being a citizen or taxpayer of an injured governmental body, without more, is not a sufficient injury in fact to create standing for the taxpayer to seek redress of the government's injury." *Rifkin*, 248 F.3d at 632; see also *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 220 (1974) ("[S]tanding to sue may not be predicated upon an interest of the kind alleged here which is held in common by all members of the public, because of the necessarily abstract nature of the injury all citizens share.").

Plaintiffs assert in the complaint that "under state law, taxpayers have a recognized and protectable property interest in public funds, as beneficial owners, that defendants, acting under color of state law have taken without due process." [1, at ¶ 5.] However, Plaintiffs' reliance on state law is misplaced, as the Seventh Circuit has held "that standing to bring a federal claim in federal court is exclusively a question of federal law and that a state statute permitting taxpayer

5

standing cannot override federal law." *Rifkin*, 248 F.3d at 631 (citing *Illinois ex rel. Ryan v. Brown*, 227 F.3d 1042, 1045 (7th Cir. 2000)); see also *Rodriguez v. Cook Cnty., Ill.*, 664 F.3d 627, 632 (7th Cir. 2011) (reminding courts that "Congress, not the states, determines the jurisdictional authority of the federal courts").

Thus, the Court concludes that Plaintiffs lack standing to bring this suit in federal court.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss [10] is granted. The Court will issue a final judgment and close the case.

Date: January 30, 2017

Robert M. Dow, Jr.
United States District Judge